USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERONA REID, et al.,

Plaintiffs,

-v-

THE EXECU/SEARCH GROUP, LLC, et al.,

Defendants.

22-CV-00469 (MMG)

ORDER

MARGARET M. GARNETT, United States District Judge:

Plaintiffs filed this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, in federal court, before Defendants moved to compel arbitration. Dkt. Nos. 55 and 57. The Hon. Barbara Moses, United States Magistrate Judge, granted the motion, Dkt. No. 79, and the matter proceeded to arbitration through the American Arbitration Association. Dkt. No. 81. In their letter filed May 26, 2026, the parties report that they then engaged in mediation which culminated in a settlement, which settlement was submitted to the assigned arbitrator who issued an award deeming the settlement agreement fair and reasonable. Dkt. No. 98 at 1. The parties now jointly seek an order from this Court confirming the award and dismissing the case with prejudice, and advise that the Court need not undertake an independent *Cheeks* review because the arbitrator affirmatively approved the settlement after considering its fairness. *Id.*

"[D]istrict courts within the [Second] Circuit have split on the issue of whether *Cheeks* review is necessary when a settlement is reached during an arbitration, although the majority appear to answer that question affirmatively." *Latture v. 101-109 Cafe Inc.*, 645 F. Supp. 3d 126, 127–28 (E.D.N.Y. 2022); *see, e.g.*, *Caccavelli v. Jetro Cash & Carry Enters., LLC*, 2020 WL 5752104, at *1 (E.D.N.Y. Sept. 25, 2020) (holding that "a *Cheeks* review for fairness is required where a Court retains jurisdiction over a matter by staying a case, *and* a FLSA case settles before arbitration is concluded") (emphasis in original); *Brittle v. Metamorphosis, LLC*, 2021 WL 606244, at *1–2 (S.D.N.Y. Jan. 22, 2021) (holding that a *Cheeks* review is required before an FLSA plaintiff may dismiss his case pursuant to an out-of-court settlement, even where the defendant has not yet appeared and "the case was stayed and subject to arbitration"); *Melendez v. Cosan Constr. Corp.*, 2023 WL 3336549, at *2 (S.D.N.Y. May 10, 2023) ("with the exception of *Agha* . . . district courts within our Circuit have uniformly held that [an FLSA settlement reached while the case was stayed pending arbitration] must be reviewed for fairness like any other FLSA settlement"); *but see Agha v. TForce Final Mile, LLC*, 2018 WL 6982112, at *2 (S.D.N.Y. Dec. 26, 2018) (declining to approve a non-arbitrated settlement under *Cheeks*

where the court had determined that the parties entered into a valid and enforceable agreement to arbitrate their claims).

Here, the question is whether this Court may confirm the arbitrator's award and endorse the parties' stipulation of dismissal based on the arbitrator's fairness determination, without conducting an independent *Cheeks* review. Under binding Second Circuit precedent, it cannot.

FLSA claims are arbitrable, *Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122, 123 (2d Cir. 2017), and, as Plaintiffs correctly note, "[j]udicial review of arbitration awards is necessarily narrowly limited." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 19 (2d Cir. 1997). However, "[t]here needs to be federal judicial review of any FLSA settlement when the parties seek the court's approval." *Latture*, 645 F. Supp. 3d at 128. The Second Circuit has made clear that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). For a district court to fulfill its duty under *Cheeks*, it cannot simply "rubber stamp" an FLSA settlement agreement that it knows nothing about. *Latture*, 645 F. Supp. 3d at 128. "That reflexive approval of a[n] [arbitrator's] determination is not consistent with *Cheeks*." *Id.* Instead, the court must "scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The parties' arguments in their May 26 letter cannot be squared with these directives.

Accordingly, it is hereby ORDERED that, on or before **July 23, 2026**, the parties must submit the settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why, if parties contemplate dismissal under Rule 41, it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See Wolinsky*, 900 F. Supp. 2d at 335-36. The letter should also address, if applicable, any incentive payments to Plaintiffs and any attorney's fee award to Plaintiffs' counsel (with documentation to support the latter, if appropriate).

The parties are reminded that they have the option to consent to proceed for all purposes before the assigned Magistrate Judge (the appropriate form for which is available at http://nysd.uscourts.gov/node/754), in which case the assigned Magistrate Judge would decide whether to approve the settlement. If all parties consent to proceed before the assigned Magistrate Judge, they should file a fully executed version of the consent form on the docket on or before **the date set forth above**.

In addition, the parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

- a release or waiver provision that releases or waives claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release. *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); or

- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out. *See, e.g.*, *Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement does contain any of these provisions, the parties' joint letter should also indicate whether the parties want the Court, in the alternative, to consider for approval the settlement agreement with the provision(s) stricken (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision). *Cf. Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims, but may not modify the agreement itself).

SO ORDERED.

Dated: July 9, 2026
New York, New York

MARGARET M. GARNETT
United States District Judge